# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ANOULACK N.,

       Petitioner,

v.

KRISTI NOEM, Secretary, Department of
Homeland Security; TODD M. LYONS,
Acting Director, Immigration and
Customs Enforcement; and DAVID
EASTERWOOD, Acting Director, St. Paul
Field Office Immigration and Customs
Enforcement,

       Respondents.

Case No. 26-CV-1820 (NEB/DJF)

ORDER ON
PETITION FOR
WRIT OF HABEAS CORPUS

---

This matter is before the Court on Petitioner Anoulack N.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Anoulack N. is a forty-five-year-old native of Laos who entered the United States as a refugee in 1981 when he was eight months old. (*Id.* ¶¶ 1, 24.) He eventually became a lawful permanent resident, retroactive to 1981. (*Id.* ¶ 24.) Anoulack N. committed a series of crimes, and in 2009, an immigration judge ordered his removal. (*Id.* ¶¶ 25–26.) He served ninety days in immigration custody, but when the government was unable to execute his removal order, it released him on an Order of Supervision. (*Id.* ¶ 26.)

Anoulack N. claims that he never received formal notice that his Order of Supervision had been revoked and ICE has not identified any change in circumstance that would justify revocation. (*Id.* ¶ 29.) According to Anoulack N., ICE has not asked him to complete travel paperwork or visit the ICE field office. (*Id.* ¶ 27.) And ICE has not told him that it has plans to remove him to Laos or any other country. (*Id.* ¶ 30.)

Nevertheless, on March 5, 2026, Anoulack N. was released from the Ramsey County Jail after being held on charges of gross misdemeanor threats of violence. (*Id.* ¶ 5.) He was immediately detained by ICE. (*Id.* ¶ 28). He alleges that after he was detained, ICE provided him with notice of revocation of release, which contained cursory explanations based on an unsupported recitation of changed circumstances. (*Id.* ¶ 6.) ICE also held an informal interview with Anoulack N. (*Id.*)

Anoulack N. filed a Petition for Writ of Habeas Corpus. The Petition seeks immediate release, alleging violations of the INA and its implementing regulations, the Fifth Amendment, the Fourth Amendment, and the *Accardi* doctrine.

Respondents submitted a response that is entirely unresponsive to Anoulack N.'s Petition. Respondents assert that Anoulack N. is detained under 8 U.S.C. Section 1225(b)(2)(A), not Section 1226(a), and refer the Court to its arguments in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). (ECF No. 6.) But Anoulack N. does not base his request for immediate release on Section 1226. Instead, he argues that his detention

violates Section 1231 and the *Accardi* doctrine. (Pet.) The government fails to address these arguments at all, thus waiving any challenge to them. *See Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD) (Jan. 15, 2026), ECF No. 10 at 3.[1] The Court therefore grants Anoulack N.'s Petition and orders his immediate release.[2]

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

     a.    ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel (Daniel P. Suitor: 612-234-2149; dan@danielsuitor.com), but **not later than 24 hours** after entry of this Order;

---

[1] This page citation references ECF pagination.

[2] The Court does not address Anoulocak N.'s request for attorneys' fees and costs under the Equal Access to Justice Act; he may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

b.  ORDERS that, within **four days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

c.  ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 18, 2026                    BY THE COURT:
Time: 8:25 p.m.                          s/Nancy E. Brasel
                                         Nancy E. Brasel
                                         United States District Judge