**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ANOULACK N.,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security[1]; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-1820 (NEB/DJF)

ORDER ON PETITIONER'S MOTION FOR ATTORNEYS' FEES

---

Earlier this year, the Court granted Anoulack N.'s petition for a writ of habeas corpus. (ECF No. 8.) Anoulack N. filed an unopposed motion for attorneys' fees under the Equal Access to Justice Act ("EAJA").[2] (ECF No. 10.) The Court grants the motion.

Under the EAJA, the Court shall award attorneys' fees to a prevailing party unless the government's position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially

---

[1] The U.S. Senate confirmed Markwayne Mullin as Secretary of the Department of Homeland Security, so pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin is substituted as a Respondent in this suit.

[2] Anoulack N. filed this motion within thirty days of final judgment, so the motion is timely. 28 U.S.C. § 2412(d)(1)(B).

justified in asserting its position." *Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). The requested attorneys' fees must be reasonable. 28 U.S.C. § 2412(d)(2)(A).

Because the Court granted Anoulack N.'s writ of habeas corpus, Anoulack N. is the prevailing party. (ECF No. 8.) The government does not oppose Anoulack N.'s motion for attorneys' fees, so it has not carried its burden of proving that its position was substantially justified. (ECF No. 19 ("Federal Respondents are not filing a response to the request for EAJA fees.").) Anoulack N. is entitled to attorneys' fees.

The Court next determines whether the requested attorneys' fees are reasonable. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[3]

*Rate.* While the EAJA caps the statutory hourly rate at $125, it permits an increase if the court determines special factors, like "the limited availability of qualified attorneys for the proceedings involved," warrant a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Court concludes that special factors warrant a higher fee here because the government's actions strained the immigration bar and limited the availability of attorneys able to assist petitioners like Anoulack N. Respondents do not contest the request for higher fees.

Anoulack N. also provides evidence that $500 is a reasonable hourly rate for immigration habeas petitions. (ECF No. 14-7 ("Ex. G."); ECF No. 14-8 ("Ex. H.").) The

---

[3] Although Anoulack N. is represented *pro bono*, he is still entitled to attorneys' fees. *Cornella v. Schweiker*, 728 F.2d 978, 986 (8th Cir. 1984) (noting that, per the EAJA's legislative history, attorney fees are available in *pro bono* cases).

Court concludes that a rate of $500 is reasonable. *Yeng X. v. Mullin*, No. 26-CV-1399 (JMG/ECW) (Apr. 3, 2026), ECF No. 17 at 2[4] (concluding that a $500 rate for an immigration habeas petition filed by the same counsel as here was reasonable given the Minneapolis market rate and counsel's skill and experience); *Kikham S. v. Mullin*, No. 26-CV-1621 (LMP/ECW) (Apr. 22, 2026), ECF No. 18 at 3 (awarding attorneys' fees, to same counsel as here, based on a $500 hourly rate because the government did not dispute the requested amount).

*Time.* Anoulack N.'s attorney seeks compensation for the 5.5 hours he spent on this case. (ECF No. 14 ¶ 18; ECF No. 14-1.) This amount of time is reasonable. *Ibrahim v. Barr*, No. 18-CV-1883 (PAM/BRT), 2019 WL 1487850, at *3 (D. Minn. Apr. 4, 2019) (awarding attorneys' fees for twenty hours of work on a habeas petition challenging immigration detention).

*Costs.* Filing fees are recoverable under the EAJA, so the Court also awards the $5.00 cost for filing the motion for attorneys' fees. 28 U.S.C. § 2412(a)(1).

The hourly rate, time, and costs are reasonable, so the Court grants the motion.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Anoulack N.'s Motion for Attorneys' Fees (ECF No. 10) is GRANTED; and

[4] All page citations to the record reference ECF pagination.

2. Anoulack N. is AWARDED reasonable attorneys' fees of $2,750 and $5 in costs, totaling $2,755, as authorized by 28 U.S.C. Section 2412(d).

Dated: June 2, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge